**LAGOMARSINO LAW**
ANDRE M. LAGOMARSINO, ESQ. (#6711)
3005 W. Horizon Ridge Pkwy., #241
Henderson, Nevada 89052
Telephone: (702) 383-2864
Facsimile: (702) 383-0065
AML@lagomarsinolaw.com
*Attorney for Plaintiffs*
*S.H. John Doe and A.O. Jane Doe*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| S.H. JOHN DOE, a minor child, by and through his Natural Parent and Legal Guardian, A.O. JANE DOE, an Individual; A.O. JANE DOE, Individually;<br><br>Plaintiffs,<br><br>v.<br><br>CLARK COUNTY, a political subdivision of the State of Nevada; KEVIN BROWN, an Individual; JULIANE HUGHES, an Individual; EAGLE QUEST OF NEVADA, INC., a Nevada Corporation; EAGLE QUEST, a Nevada Domestic Corporation; IVAN RAY TIPPETTS, an Individual; LESLIE TIPPETTS, an Individual; SHERA WILLIAMS, an Individual, TOMISHA HORN, an Individual; ILIA HAMPTON, LCSW, QMPH, an Individual; TRENT HANSEN, LCSW, an Individual;<br><br>Defendants. | CASE NO.: 2:17-cv-02380-MMD-PAL<br><br><br>**[PROPOSED]**<br>**STIPULATED PROTECTIVE ORDER**<br>**BETWEEN PLAINTIFFS**<br>**AND DEFENDANTS[1]** |

The parties to this action, Plaintiffs S.H. JOHN DOE, a minor child, by and through his Natural Parent and Legal Guardian, A.O. JANE DOE and A.O. JANE DOE, individually ("Plaintiffs"), and Defendants CLARK COUNTY; KEVIN BROWN; JULIANE HUGHES; EAGLE QUEST OF NEVADA, INC.; EAGLE QUEST; IVAN RAY TIPPETTS; LESLIE TIPPETTS; ILIA HAMPTON, LCSW, QMPH; and TRENT HANSEN, LCSW ("Defendants"), by and through their respective counsel, hereby stipulate and request that the Court enter a stipulated protective order pursuant as follows:

. . .

---

[1] Excluding Defendants SHERA WILLIAMS and TOMISHA HORN as they have yet to be served with the Complaint and Summons.

Page 1 of 5

1. The Protective Order shall be entered pursuant to *the Federal Rules of Civil Procedure.*

2. The Protective Order shall govern all materials deemed to be "Confidential Information." Such Confidential Information shall include the following:

    (a) Any and all documents referring or related to S.H. JOHN DOE or A.O. JANE DOE;

    (b) Any documents from the juvenile Court file of Plaintiff S.H. JOHN DOE;

    (c) Any documents relating to the medical and/or health information of Plaintiffs;

    (d) Any portions of depositions (audio or video) where Confidential Information is disclosed or used as exhibits;

    (e) Any proprietary business documents; and

    (f) Any and all documents referring, or related, to the juvenile identified as C.J. in the Complaint and allegedly involved in the incident of February 14, 2017.

3. In the case of documents and the information contained therein, designation of Confidential Information produced shall be made by placing the following legend on the face of the document and each page so designated "CONFIDENTIAL" or otherwise expressly identified as confidential.

4. Confidential Information shall be held in confidence by each qualified recipient to whom it is disclosed, shall be used only for purposes of this action, shall not be used for any business purpose, and shall not be disclosed to any person who is not a qualified recipient. All produced Confidential Information shall be carefully maintained so as to preclude access by persons who are not qualified recipients.

5. Qualified recipients shall include only the following:

    (a) In-house counsel and law firms for each party and the secretarial, clerical and paralegal staff of each;

    (b) Deposition notaries and staff;

    (c) Persons other than legal counsel who have been retained or specially employed by a party as an expert witness for purposes of this lawsuit or to perform investigative work or fact research;

    (d) Deponents during the course of their depositions or potential witnesses of this case; and

    (e) The parties to this litigation, their officers and professional employees.

6. Each counsel shall be responsible for providing notice of the Protective Order and the terms therein to persons to whom they disclose "Confidential Information," as defined by the terms of the Protective Order.

Persons to whom confidential information is shown shall be informed of the terms of this Order and advised that its breach may be punished or sanctioned as contempt of the Court. Such deponents may be shown Confidential materials during their deposition but shall not be permitted to keep copies of said Confidential materials nor any portion of the deposition transcript reflecting the Confidential Information.

If either party objects to the claims that information should be deemed Confidential, that party's counsel shall inform opposing counsel in writing within thirty (30) days of receipt of the Confidential materials that the information should not be so deemed, and the parties shall attempt first to dispose of such disputes in good faith and on an informal basis. If the parties are unable to resolve their dispute, either party may present a motion to the Court objecting to such status. The information shall continue to have Confidential status during the pendency of any such motion.

7. No copies of Confidential Information shall be made except by or on behalf of attorneys of record, in-house counsel or the parties in this action. Any person making copies of such information shall maintain all copies within their possession or the possession of those entitled to access to such information under the Protective Order.

8. Any party that inadvertently discloses or produces in this action a document or information that it considers privileged or otherwise protected from discovery, in whole or in part, shall not be deemed to have waived any applicable privilege or protection by reason of such disclosure or production if, within thirty (30) days of discovering that such document or information has been disclosed or produced, the producing party gives written notice to the receiving party identifying the document or information in question, the asserted privileges or protection, and the grounds there for, with a request that all copies of the document or information be returned or destroyed. **The receiving party shall return or destroy the inadvertently disclosed documents, upon receipt of appropriately marked replacement documents.**

. . .

9. The termination of this action shall not relieve the parties and persons obligated hereunder from their responsibility to maintain the confidentiality of information designated confidential pursuant to this Order.

10. Within thirty (30) days of the final adjudication or resolution of this Lawsuit, the party receiving Confidential Information shall inform all parties of their intent to destroy Confidential Material, including all copies and reproductions thereof, to counsel for the designating party. The parties shall then have thirty (30) days in which to request the return of the Confidential Material, should they chose to do so.

11. Nothing in this Order shall be construed as an admission to the relevance, authenticity, foundation or admissibility of any document, material, transcript or other information.

12. Nothing in the Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, a modification of this Order.

13. Furthermore, the parties understand that since they are seeking to file confidential documents, or utilize confidential documents at trial, that they must comply with the Ninth Circuit's directives in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006):

> Unless a particular court record is one "traditionally kept secret," a "strong presumption in favor of access" is the starting point. ... A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the "compelling reasons" standard. ... that is, the party must "articulate[ ] compelling reasons supported by specific factual findings," that outweigh the general history of access and the public policies favoring disclosure ...
>
> In general, "compelling reasons" sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such "court files might have become a vehicle for improper purposes," such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. ... The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records.

*Id.* at 1178-79 (citations omitted). To justify the sealing of discovery materials attached to non-dispositive motions, a particularized showing of good cause is required. *Id.* at 1180. To justify the sealing of discovery materials attached to dispositive motions or used at trial, however, a higher threshold is required: a particularized showing that *compelling reasons* support secrecy. *Id.* "A 'good cause' showing will not, without more, satisfy a 'compelling reasons' test." *Id.* When private discovery materials are attached to a dispositive motion (or response or reply) or used at trial, such

materials become a part of a judicial record, and as such "are public documents almost by definition, and the public is entitled to access by default." *Id.*

DATED this 16th day of November, 2017.

**LAGOMARSINO LAW**

  /s/ Andre M. Lagomarsino
ANDRE M. LAGOMARSINO, ESQ. (#6711)
3005 W. Horizon Ridge Pkwy., #241
Henderson, Nevada 89052
Telephone: (702) 383-2864
Facsimile: (702) 383-0065
AML@lagomarsinolaw.com
*Attorney for Plaintiffs*
*S.H. John Doe and A.O. Jane Doe*

DATED this 16th day of November, 2017.

**HALL PRANGLE & SCHOONVELD, LLC**

  /s/ John F. Bemis
JOHN F. BEMIS, ESQ. (#9509)
SARAH S. SILVERMAN, ESQ. (#13624)
1160 North Town Center Drive, Suite 200
Las Vegas, Nevada 89144
Telephone: (702) 889-6400
Facsimile: (702) 384-6025
*Attorney for Defendants Eagle Quest of Nevada, Inc., Eagle Quest, Ivan Ray Tippetts, Leslie Tippetts, Ilia Hampton, LCSW, QMPH and Trent Hansen, LCSW*

DATED this 16th day of November, 2017.

**OLSON, CANNON, GORMLEY, ANGULO & STOBERSKI**

  /s/ Thomas A. Dillard, Jr.
THOMAS A. DILLARD, JR., ESQ. (#6270)
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
Telephone: (702) 384-4012
Facsimile: (702) 383-0801
*Attorney for Defendants Clark County, Kevin Brown, and Juliane Hughes*

*S. H. John Doe, et. al. v. Clark County, et. al.*
*Case No. 2:17-cv-02380-MMD-PAL*
*[Proposed] Stipulated Protective Order*
*Between Plaintiffs and Defendants*

## **ORDER**

IT IS SO ORDERED.

DATED this 29th day of November, 2017.

_____
DISTRICT COURT MAGISTRATE JUDGE