SPO
LAGOMARSINO LAW
ANDRE M. LAGOMARSINO, ESQ.
State Bar No. 6711
3005 W. Horizon Ridge Pkwy., #241
Henderson, Nevada 89052
Telephone: (702) 383-2864
Facsimile: (702) 383-0065
AML@lagomarsinolaw.com
*Attorneys for Plaintiffs*
*S.H. DOE and A.O. DOE*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| S.H. JOHN DOE, a minor child, by and through his Natural Parent and Legal Guardian, A.O. JANE DOE, an Individual; A.O. JANE DOE, Individually;<br><br>Plaintiffs,<br><br>v.<br><br>CLARK COUNTY, a political subdivision of the State of Nevada; KEVIN BROWN, an Individual; JULIANE HUGHES, an Individual; EAGLE QUEST OF NEVADA, INC., a Nevada Corporation; EAGLE QUEST, a Nevada Domestic Corporation; IVAN RAY TIPPETTS, an Individual; LESLIE TIPPETTS, an Individual; SHERA WILLIAMS, an Individual, TOMISHA HORN, an Individual; ILIA HAMPTON, LCSW, QMPH, an Individual; TRENT HANSEN, LCSW, an Individual;<br><br>Defendants. | CASE NO: 2:17-cv-02380-MMD-PAL<br><br>**PROTECTIVE ORDER BETWEEN PLAINTIFFS AND LAS VEGAS METROPOLITAN POLICE DEPARTMENT REGARDING ALL POLICE REPORTS, RECORDS, PHOTOS, RECORDINGS, STATEMENTS, OR OTHER DOCUMENTS, PERTAINING TO CRIMINAL CASE EVENT NO. 170214-0685** |

Plaintiffs S.H. DOE, an individual, by, and LVMPD, by and through their attorneys of record, by and through his Natural Parent and Legal Guardian, A.O. JANE DOE and A.O. JANE DOE, individually, by and through their undersigned attorneys of record, ANDRE M. LAGOMARSINO, ESQ. of LAGOMARSINO LAW, hereby file their *Stipulated Protective Order Pursuant to NRCP 26(c) Regarding All Police Reports, Records, Photos, Recordings, Statements, or Other Documents Pertaining to LVMPD Criminal Case Event Number 170214-0685.*

. . .

A protective order regarding all police reports, records, photos, recordings, statements, or other documents pertaining to LVMPD's criminal case event No. 170214-0685 is appropriate. The above mentioned parties stipulate and request that the Court enter a protective order as follows:

1. The protective order shall be entered pursuant to the Federal Rules of Civil Procedure.

2. The protective order shall govern certain materials, produced by LVMPD to be deemed to be confidential. Such confidential information shall include: any private, personal information about the witnesses such as, but not limited to, dates of birth, social security numbers, addresses, telephone numbers, and any other confidential private information the recordings or incident report may contain;

3. In the case of documents and the information contained therein, designation of confidential information shall be made by placing the following legend on the face of each document and each page so designated: "CONFIDENTIAL" or otherwise expressly identified as confidential.

4. Confidential information shall be held in confidence by each qualified recipient to whom it is disclosed, shall be used only for purposes of this action, shall not be used for any business purpose, and shall not be disclosed to any person who it not a qualified recipient. All produced confidential information shall be carefully maintained so as to preclude access by persons who are not qualified recipients.

5. Qualified recipients shall include only the following:

(a) In-house counsel and law firms for each party and the secretarial, clerical and paralegal staff of each;

(b) Deposition notaries and staff;

(c) Persons other than legal counsel who have been retained or specially employed by a party as an expert witness for purposes of this lawsuit or to perform investigative work or fact research;

(d) Deponents during the course of their depositions or potential witnesses of this case; and

(e) The parties to this litigation, their officers and professional employees.

6.  Deponents may be shown confidential materials during their deposition but shall not be permitted to keep copies of said confidential materials nor any portion of the deposition transcript reflecting the confidential information.

7.  No copies of confidential information shall be made except on behalf of attorneys of record in this action. Any person making copies of such information shall maintain all copies within their possession or the possession of those entitled to access such information under the protective order.

8.  Any party that inadvertently discloses or produces in this action a document or information that it considers privileged or otherwise protected from discovery, in whole or in part, shall not be deemed to have waived any applicable privilege or protection by reason of such disclosure or production if, within thirty days of discovering that such document or information has been disclosed or produced, the producing party gives written notice to the receiving party identifying the document or information in question, the asserted privileges or protection, and the grounds there for, with a request that all copies of the document or information be returned or destroyed. The receiving party shall return or destroy the inadvertently disclosed documents, upon receipt of appropriately marked replacement documents.

9.  The termination of this action shall not relieve the parties and persons obligated hereunder from their responsibility to maintain the confidentiality of information designated confidential pursuant to this order.

10. Nothing in this Order shall be construed as an admission to the relevance, authenticity, foundation or admissibility of any document, material, transcript or other information.

11. Nothing in the Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, a modification of this Order.

**IT IS SO ORDERED.**

DATED this 26th day of July, 2018.

_____
U.S. Magistrate Judge