UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| S.H. JOHN DOE, a minor child, by and through his Natural Parent and Legal Guardian, A.O. JANE DOE, et al.,<br><br>Plaintiffs,<br>v.<br>CLARK COUNTY, et al.,<br><br>Defendants. | Case No. 2:17-cv-02380-MMD-PAL<br><br>**ORDER**<br><br>(Am. Pet. Minor Compromise – ECF No. 79) |

This matter is before the court on Plaintiffs' Amended Petition for Minor's Compromise, Payment of Attorney Fees and Costs, and Creation of Blocked Trust Account (ECF No. 79). This Petition is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice. The court set the matter for hearing on January 17, 2018. Andrea Lagomarsino appeared on behalf of the plaintiffs, Thomas Dillard appeared on behalf of the Clark County defendants, and /// appeared on behalf of the Eagle Quest defendants.

**BACKGROUND**

The plaintiff is the mother of a minor child, S.H. John Doe who brought this action on behalf of herself and as the natural parent and legal guardian of her son. The minor child was 10 years old at the time of the underlying conduct which resulted this lawsuit being filed.

The complaint alleges that in August of 2016, the Las Vegas Metropolitan Police Department ("LVMPD") investigated an incident involving John Doe and his younger sister. Complaint (ECF No. 1) ¶ 29. As a result of the investigation, a case was opened with the Clark County District Attorney's Office Juvenile Division and John Doe was released to Clark County Juvenile Probation Officer Kevin Brown for transportation and placement in a group home operated by Eagle Quest. *Id.* ¶¶ 30-32. On September 30, 2016, a state judge in the Family-

1

Juvenile Division of the Eighth Judicial District Court ordered John Doe to reside at an Eagle Quest group home, or an alternative replacement during a period of monitoring John Doe until completion of a non-offending parenting course by plaintiff Jane Doe and any other adult living in her home at which time John Doe would be eligible to return to his residence. *Id.* ¶¶ 50-52.

The Clark County Department of Juvenile Justice Services ("CCDJJS") provides services for intervention, guidance, detainment, treatment, counsel, and accountability in juvenile court functions including probation and detention. *Id.* ¶ 19. CCDJJS requested a juvenile psychological evaluation for John Doe to be performed by the Family and Child Treatment of Southern Nevada ("FACT") to determine appropriate treatment needs, critical risk factors, and any community safety issues. *Id.* ¶ 33. CCDJJS provided documents for FACT's review, including all documentation related to the incident involving John Doe and his younger sister. *Id.* ¶ 34. On September 1, 2006, the juvenile psychological evaluation was completed which made findings and recommendations. *Id.* ¶ 35. The report opined that because John Doe had such a strong familial support system and was amenable to treatment participation, his prognosis for a favorable outcome was good. *Id.* ¶ 40.

The report was provided to family court by Juvenile Probation Officer Brown on September 19, 2016. *Id.* ¶ 44. On September 27, 2016, Juvenile Probation Officer Brown told plaintiff Jane Doe that Juvenile Probation Officer Juliane Hughes was now assigned to John Doe. *Id.* ¶ 47. Brown failed to recommend the supervision and treatment indicated by the report and instead sought alternative placement in a group home setting. *Id.* ¶ 49. On September 30, 2016, a family division juvenile court judge ordered John Doe to reside at an Eagle Quest group home or at an alternative placement as deemed necessary during his period of monitoring. *Id.* ¶ 51. On November 30, 2016, John Doe was released to Jane Doe's care on the condition that he was not at the same address as his younger sister while Jane Doe was staying at a Siegel Suites. *Id.* ¶ 90. Jane Doe's financial resources were exhausted, and she was unable to maintain this residence option and John Doe was forced back into Eagle Quest. *Id.* ¶ 91. John Doe was placed in defendants' Smoke Ranch group home on December 9, 2016. *Id.* ¶ 92. John Doe was 10 years old at the time, small for his age, and defendants Williams and Horn expressed concerns that he

was smaller than the other residents. *Id.* ¶¶ 93-96. John Doe reported to his probation officer that people were picking on him and was told not to take it personally. *Id.* ¶ 102. On February 14, 2017, at 1:27 a.m., John Doe was in his bedroom asleep and approached by another foster child, forced into the closet of their shared bedroom, and forcibly sodomized. *Id.* ¶ 109. Video surveillance in the bedroom depicted these events. *Id.* ¶ 111.

Based on these facts, plaintiffs sued the Clark County defendants and Eagle Quest defendants asserting claims for Fourteenth Amendment violations under Title 42 U.S.C. § 1983 for violation of the duty to protect and state created danger, violation of the Federal Adoption Assistance Act and Child Welfare Act, substantive due process under the Nevada Constitution, and multiple state negligence claims against both defendants.

On September 25, 2018, plaintiffs reached a settlement with Clark County, and individual defendants Kevin Brown and Juliane Hughes in the amount of $75,000, $65,000 of which was allocated to the minor child, and $10,000 allocated to his mother and guardian ad litem. The settlement was approved by the Clark County Board of Commissioners on November 6, 2018.

A written settlement agreement was executed and is attached to plaintiff's verified petition as Exhibit 3. During the hearing, counsel advised that plaintiffs had reached a settlement with Eagle Quest of Nevada, Eagle Quest, Ivan Ray Tippetts and Leslie Tippets subject to the court's approval of a minor's compromise petition that would soon be filed.

At a prior hearing the court denied plaintiffs' initial Motion for Minor's Compromise (ECF No 74) without prejudice directing plaintiffs' counsel to file a verified petition providing the court with additional information in compliance with Nevada and Ninth Circuit law governing approval of a minor's compromise claim. This verified petition was filed as directed. Plaintiffs seek authorization to distribute settlement proceeds as follows:

    1. $26,000 in attorneys' fees for the $65,000 recovery on behalf of the minor child, based on a written 40% contingency fee agreement attached as Exhibit 4 to the petition;

    2. Deduction of costs incurred in prosecuting plaintiffs' claims against the Clark County defendants. (Total costs of $54,700.67 hae been incurred of which

3

$12,298.17 is allocated to prosecution of the case against the Clark County Defendants and $42,402.50 is allocated to prosecution of the case against the Eagle Quest defendants);

3. The balance of $28,341.18 is to be deposited into a blocked trust account for the minor child, S.H.

The Board of County Commissioner's approved the settlement at a regularly scheduled meeting after review of the proposed settlement by the Civil Division of the Clark County District Attorney's Office and the Clark County Liability Pool. No opposition to the petition has been filed and counsel for Clark County has requested the court approve the minor's compromise.

## **DISCUSSION**

Under Nevada law, a parent or guardian must seek the court's approval to compromise a disputed claim held by a minor by filing a verified petition in writing. NRS 41.200. No settlement is effective until it is approved by the court. NRS 41.200(1) ("If an unemancipated minor has a disputed claim . . ., either parent . . . has the right to compromise the claim. Such a compromise is not effective until it is approved by the district court . . . upon a verified petition in writing, regularly filed with the court."); *Haley v. Eighth Jud. Dist. Ct.*, 128 Nev. 171, 176, 273 P.3d 855, 859 (2012) (compromise of a minor's claim "is not effective until approved by the district court upon a verified petition in writing.").

Rule 17(c) of the Federal Rules of Civil Procedure[1] specifically addresses actions on behalf of a minor or incompetent person, and it provides:

> **(1) With a Representative.** The following representatives may sue or defend on behalf of a minor or an incompetent person:
> **(A)** A general guardian;
> **(B)** A committee;
> **(C)** A conservator; or
> **(D)** A like fiduciary.
>
> **(2) Without a Representative**. A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action.

---

[1] All references to a "Rule" or the "Rules" in this Order refer to the Federal Rules of Civil Procedure.

4

In the context of proposed settlements, the Ninth Circuit has recognized that district courts have a special duty under Rule 17(c) "to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181–82 (9th Cir. 2011). This "special duty" requires the court "to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor'." *Robidoux*, 638 F.3d at 1181 (quoting *Dacaney v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)). The court must independently investigate and evaluate any compromise or settlement of a minor's claim to assure itself that the minor's interests are protected, even if the settlement has been recommended and/or negotiated by the minor's parent or guardian ad litem. *Id.* Federal courts in the Ninth Circuit typically apply state law and local rules governing the award of attorney's fees. *Id.* In *Robidoux*, however, the Ninth Circuit found that this approach "places undue emphasis on the amount of attorney's fees provided for in a settlement, instead of focusing on the net recovery of the minor plaintiffs under the proposed agreement." *Id.* There, the Ninth Circuit held the "district court's special duty to protect minor plaintiffs requires only that the district court consider whether the net recovery" to the minor is fair and reasonable, without regard to the amount plaintiffs agreed to pay plaintiffs' counsel. *Id.* at 1182. The Ninth Circuit concluded that if the net recovery to the minor plaintiff under the proposed settlement was fair and reasonable, "the district court should approve the settlement as presented, regardless of the amount the parties agreed to designate for adult co-plaintiffs and attorney's fees." *Id.*

In *Haley v. Eighth Judicial District* Court, 128 Nev. 171, 177, 273 P.3 855, 859 (2012), the Nevada Supreme Court noted that Nevada Rule of Civil Procedure 17(c) is nearly identical to its federal counterpart, which the Ninth Circuit had interpreted as charging the court with a "'special duty … to safeguard the interests of litigants who are minors'." *Id.* at 177, 273 P.3d at 859 (quoting *Robidoux*, 638 F.3d at 1181–82). Citing Ninth Circuit and other federal circuit case law, the Nevada Supreme Court concluded that "NRS 41.200 allows the district court to assess the reasonableness of the petition to approve the compromise of a minor's claim and to ensure the approval of the proposed compromise is in the minor's best interest." *Id.* at 177, 273 P.3d at 860. "This review necessarily entails the authority to review each portion of the proposed compromise

for reasonableness and to adjust the terms of the settlement accordingly, including the fees and costs to be taken from the minor's recovery." *Id.*

During the hearing, counsel for plaintiffs advised that court that a settlement has now been reached with the Eagle Quest defendants subject to the court's approval of the minor's compromise which will soon be filed. Counsel for plaintiffs regard the Eagle Quest defendants as more culpable and with more liability exposure than the Clark County defendants. Additionally, counsel for plaintiffs indicated that counsel for Clark County had defended the case well. Plaintiffs acknowledged the difficulty in proving a § 1983 claim for deliberate indifference against the Clark County defendants. The plaintiff mother was deposed in this case and testified that she did not believe that Clark County had done anything wrong. The sexual assault on the minor child occurred while he was at an Eagle Quest group home pursuant to an order of a state family-juvenile court judge. The tort claims against Clark County defendants are subject to a $100,000 statutory cap on damages and the parties negotiated in good faith to settle the claims against the Clark County defendants for 75% of the $100,000 cap.

Having thoroughly reviewed and considered the petition, amended petition, supporting exhibits, declaration of counsel, and arguments presented at both hearings, the court finds that the settlement reached with the Clark County defendants is fair and reasonable and in the best interests of the minor child. Of the total $75,000 settlement, $65,000 or 86.67% is allocated to settle the claims of the minor child with $10,000 or 13.33% allocated on behalf of the mother, natural parent, and legal guardian. Of the total costs of $12,298.17 allocated to prosecuting the case against the Clark County defendants. The costs are allocated using the same ratio is applied to allocate settlement proceeds between mother and child. That is, 86.67% or $10,658.82 is allocated to costs associated with prosecuting the action on behalf of the minor child with $1,639.35 or 13.33% allocated to costs to prosecute the action on behalf of the plaintiff mother. After the cost for deduction of attorneys' fees of $26,000, $28,341.18 will be deposited into a locked account for the minor child.

A substantial, although confidential settlement has now been reached between the plaintiffs and the Eagle Quest defendants subject to the court's approval which will result in additional

recoveries for both plaintiffs. The settlement agreement contains standard terms and conditions in cases of this nature.

Accordingly,

**IT IS ORDERED:**

1. Plaintiffs' Amended Petition for Minor's Compromise (ECF No. 79) is **GRANTED**.
2. Plaintiffs counsel shall have until **February 1, 2019** to file proof that a blocked account has been set up and settlement proceeds authorized by this order have been deposited.
3. No distributions may be made from the blocked account set up for the minor child without the court's approval.

Dated this 18th day of January 2019.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE