UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| S.H. JOHN DOE, a minor child, by and through his Natural Parent and Legal Guardian, A.O. JANE DOE, et al.,<br><br>Plaintiffs,<br>v.<br>CLARK COUNTY, et al.,<br><br>Defendants. | Case No. 2:17-cv-02380-MMD-PAL<br><br>**ORDER**<br><br>(2nd Amd Pet. Minor Claim – ECF No. 82) |

This matter is before the court on Plaintiffs' Second Amended Petition for Minor's Compromise, Payment of Attorney Fees and Costs, and Creation of Blocked Trust Account (ECF No. 82). This Petition is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice. The court set the matter for hearing on Plaintiff's Amended Petition for Minor's Compromise (ECF No. 79) on January 17, 2018. Andre Lagomarsino appeared on behalf of the plaintiffs, Thomas Dillard and Zach Thompson appeared on behalf of the Clark County defendants. The court entered an Order (ECF No. 83) following that hearing on January 18, 2019. At that hearing, plaintiff's counsel advised that a settlement had also been reached with the Eagle Quest defendants and another petition would be filed. Plaintiff's counsel filed this Second Amended Petition to supplement the Amended Petition (ECF No. 79) and to address the settlement reached with the Eagle Quest defendants. The settlement with Eagle Quest slightly alters the distribution amounts authorized in the first order approving the minor's compromise with the Clark County Defendants with respect to deductions for costs and attorneys' fees.

**BACKGROUND**

The plaintiff is the mother of a minor child, S.H. John Doe who brought this action on behalf of herself and as the natural parent and legal guardian of her son. The minor child was 10 years old at the time of the underlying conduct which resulted this lawsuit being filed.

The complaint alleges that in August of 2016, the Las Vegas Metropolitan Police Department ("LVMPD") investigated an incident involving John Doe and his younger sister. Complaint (ECF No. 1) ¶ 29. As a result of the investigation, a case was opened with the Clark County District Attorney's Office Juvenile Division and John Doe was released to Clark County Juvenile Probation Officer Kevin Brown for transportation and placement in a group home operated by Eagle Quest. *Id.* ¶¶ 30-32. On September 30, 2016, a state judge in the Family-Juvenile Division of the Eighth Judicial District Court ordered John Doe to reside at an Eagle Quest group home, or an alternative replacement during a period of monitoring John Doe until completion of a non-offending parenting course by plaintiff Jane Doe and any other adult living in her home at which time John Doe would be eligible to return to his residence. *Id.* ¶¶ 50-52.

The Clark County Department of Juvenile Justice Services ("CCDJJS") provides services for intervention, guidance, detainment, treatment, counseling, and accountability in juvenile court functions including probation and detention. *Id.* ¶ 19. CCDJJS requested a juvenile psychological evaluation for John Doe to be performed by the Family and Child Treatment of Southern Nevada ("FACT") to determine appropriate treatment needs, critical risk factors, and any community safety issues. *Id.* ¶ 33. CCDJJS provided documents for FACT's review, including all documentation related to the incident involving John Doe and his younger sister. *Id.* ¶ 34. On September 1, 2006, the juvenile psychological evaluation was completed which made findings and recommendations. *Id.* ¶ 35. The report opined that because John Doe had such a strong familial support system and was amenable to treatment participation, his prognosis for a favorable outcome was good. *Id.* ¶ 40.

1    The report was provided to family court by Juvenile Probation Officer Brown on September 19, 2016. *Id.* ¶ 44. On September 27, 2016, Juvenile Probation Officer Brown told plaintiff Jane Doe that Juvenile Probation Officer Juliane Hughes was now assigned to John Doe. *Id.* ¶ 47. Brown failed to recommend the supervision and treatment indicated by the report and instead sought alternative placement in a group home setting. *Id.* ¶ 49. On September 30, 2016, a family division juvenile court judge ordered John Doe to reside at an Eagle Quest group home or at an alternative placement as deemed necessary during his period of monitoring. *Id.* ¶ 51. On November 30, 2016, John Doe was released to Jane Doe's care on the condition that he was not at the same address as his younger sister while Jane Doe was staying at a Siegel Suites. *Id.* ¶ 90. Jane Doe's financial resources were exhausted, and she was unable to maintain this residence option and John Doe was forced back into Eagle Quest. *Id.* ¶ 91. John Doe was placed in defendants' Smoke Ranch group home on December 9, 2016. *Id.* ¶ 92. John Doe was 10 years old at the time, small for his age, and defendants Williams and Horn expressed concerns that he was smaller than the other residents. *Id.* ¶¶ 93-96. John Doe reported to his probation officer that people were picking on him and was told not to take it personally. *Id.* ¶ 102. On February 14, 2017, at 1:27 a.m., John Doe was in his bedroom asleep and approached by another foster child, forced into the closet of their shared bedroom, and forcibly sodomized. *Id.* ¶ 109. Video surveillance in the bedroom depicted these events. *Id.* ¶ 111.

Based on these facts, plaintiffs sued the Clark County defendants and Eagle Quest defendants asserting claims for Fourteenth Amendment violations under Title 42 U.S.C. § 1983 for violation of the duty to protect and state created danger, violation of the Federal Adoption Assistance Act and Child Welfare Act, violation of substantive due process under the Nevada Constitution, and multiple state negligence claims against both defendants.

On September 25, 2018, plaintiffs reached a settlement with Clark County, and individual defendants Kevin Brown and Juliane Hughes in the amount of $75,000, $65,000 of which was allocated to the minor child, and $10,000 allocated to his mother and guardian ad litem. The settlement was approved by the Clark County Board of Commissioners on November 6, 2018.

1    A written settlement agreement between plaintiff and the Clark County defendants was
2 executed and is attached to plaintiff's amended verified petition (ECF No. 79) as Exhibit 3. During
3 the hearing, counsel advised that plaintiffs had reached a settlement with Eagle Quest of Nevada,
4 Eagle Quest, Ivan Ray Tippetts and Leslie Tippets subject to the court's approval of a minor's
5 compromise petition that would soon be filed.

6    At the first hearing on the petition to approve the settlement with the Clark County
7 defendants the court denied plaintiffs' initial Motion for Minor's Compromise (ECF No 74)
8 without prejudice. The court directed plaintiffs' counsel to file a verified petition providing the
9 court with additional information in compliance with Nevada and Ninth Circuit law governing
10 approval of a minor's compromise claim. The court subsequently entered an order (ECF No. 83)
11 approving the proposed compromise of the settlement reached with the Clark County defendants
12 on September 25, 2018 in the amount of $75,000. $65,000 of the total was allocated to the minor
13 child and $10,000 allocated to the mother and guardian ad litem with reductions for attorneys' fees
14 and costs.

15    On December 14, 2018, plaintiffs reached a confidential settlement with Eagle Quest of
16 Nevada, Inc., Eagle Quest, and individual defendants Ivan Ray Tippetts and Leslie Tippetts in the
17 amount of             of which was allocated to the minor child, and           allocated
18 to his mother and guardian ad litem. The combined settlement with the Clark County Defendants
19 and the Eagle Quest defendants of            will result in the minor child receiving
20 before deduction of attorneys' fees and costs, with the mother and guardian ad litem receiving
21        before deduction of attorneys' fees and costs.

22    The written confidential settlement agreement between plaintiff and the Eagle Quest
23 defendants was executed and is attached to plaintiff's sealed second amended verified petition
24 (ECF No. 82) as Exhibit 1.

25    Plaintiffs seek authorization to distribute the combined total settlement with the Clark
26 County defendants and Eagle Quest defendants on behalf of the minor as follows:

27        1.  A total of         in attorney's fees. ($26,000 from the $65,000 allotted to
28            the minor child in attorneys' fees from the Clark County recovery based on a

4

written 40% contingency fee agreement attached as Exhibit 4 to the amended petition (ECF No. 79) and            from the            allotted to the minor child in attorney's fees from the Eagle Quest recovery based on a written 40% contingency fee agreement attached as Exhibit 1 to the sealed second amended verified petition (ECF No. 82));

2. Deduction of costs incurred in prosecuting plaintiffs' claims against the Clark County and Eagle Quest defendants in the amount total amount of $60,926.27. The costs have risen since the settlement was reached with the Clark County defendants and have been adjusted to reflect the allocation for prosecuting the case against the Clark County defendants and the Eagle Quest defendants. $54,833.64 is 90% of the costs that are allotted to S.H. John Doe because he is to receive 90% of the total settlement before deduction of fees and costs. (Of the total costs, $12,235.97 is now allocated to prosecution of the case against the Clark County Defendants and $48,690.30 is now allocated to prosecution of the case against the Eagle Quest defendants). The remaining 10% of costs or $6.092.63 is allotted to the minor child's mother and guardian ad litem and will be deducted from her total settlement distribution;

3. The balance of                                                           to be deposited into a blocked trust account for the minor child, S.H.

## DISCUSSION

Under Nevada law, a parent or guardian must seek the court's approval to compromise a disputed claim held by a minor by filing a verified petition in writing. NRS 41.200. No settlement is effective until it is approved by the court. NRS 41.200(1) ("If an unemancipated minor has a disputed claim . . ., either parent . . . has the right to compromise the claim. Such a compromise is not effective until it is approved by the district court . . . upon a verified petition in writing, regularly filed with the court."); *Haley v. Eighth Jud. Dist. Ct.*, 128 Nev. 171, 176, 273 P.3d 855, 859 (2012) (compromise of a minor's claim "is not effective until approved by the district court upon a verified petition in writing.").

5

Rule 17(c) of the Federal Rules of Civil Procedure[1] specifically addresses actions on behalf of a minor or incompetent person, and it provides:

> **(1) With a Representative.** The following representatives may sue or defend on behalf of a minor or an incompetent person:
> **(A)** A general guardian;
> **(B)** A committee;
> **(C)** A conservator; or
> **(D)** A like fiduciary.
>
> **(2) Without a Representative**. A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action.

In the context of proposed settlements, the Ninth Circuit has recognized that district courts have a special duty under Rule 17(c) "to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181–82 (9th Cir. 2011). This "special duty" requires the court "to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor'." *Robidoux*, 638 F.3d at 1181 (quoting *Dacaney v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)). The court must independently investigate and evaluate any compromise or settlement of a minor's claim to assure itself that the minor's interests are protected, even if the settlement has been recommended and/or negotiated by the minor's parent or guardian ad litem. *Id.* Federal courts in the Ninth Circuit typically apply state law and local rules governing the award of attorney's fees. *Id.* In *Robidoux*, however, the Ninth Circuit found that this approach "places undue emphasis on the amount of attorney's fees provided for in a settlement, instead of focusing on the net recovery of the minor plaintiffs under the proposed agreement." *Id.* There, the Ninth Circuit held the "district court's special duty to protect minor plaintiffs requires only that the district court consider whether the net recovery" to the minor is fair and reasonable, without regard to the amount plaintiffs agreed to pay plaintiffs' counsel. *Id.* at 1182. The Ninth Circuit concluded that if the net recovery to the minor plaintiff under the proposed settlement was fair and reasonable, "the district court should approve the settlement as presented, regardless of the amount the parties agreed to designate for adult co-plaintiffs and attorney's fees." *Id.*

---

[1] All references to a "Rule" or the "Rules" in this Order refer to the Federal Rules of Civil Procedure.

In *Haley v. Eighth Judicial District* Court, 128 Nev. 171, 177, 273 P.3 855, 859 (2012), the Nevada Supreme Court noted that Nevada Rule of Civil Procedure 17(c) is nearly identical to its federal counterpart, which the Ninth Circuit had interpreted as charging the court with a "'special duty … to safeguard the interests of litigants who are minors'." *Id.* at 177, 273 P.3d at 859 (quoting *Robidoux*, 638 F.3d at 1181–82). Citing Ninth Circuit and other federal circuit case law, the Nevada Supreme Court concluded that "NRS 41.200 allows the district court to assess the reasonableness of the petition to approve the compromise of a minor's claim and to ensure the approval of the proposed compromise is in the minor's best interest." *Id.* at 177, 273 P.3d at 860. "This review necessarily entails the authority to review each portion of the proposed compromise for reasonableness and to adjust the terms of the settlement accordingly, including the fees and costs to be taken from the minor's recovery." *Id.*

During the hearing on January 17, 2019, counsel for plaintiffs advised that court that plaintiffs regarded the Eagle Quest defendants as more culpable and with more liability exposure than the Clark County defendants. Additionally, counsel for plaintiffs indicated that counsel for Clark County had defended the case well. Plaintiffs acknowledged the difficulty in proving a § 1983 claim for deliberate indifference against the Clark County defendants. The plaintiff mother was deposed in this case and testified that she did not believe that Clark County had done anything wrong. The sexual assault on the minor child occurred while he was at an Eagle Quest group home pursuant to an order of a state family-juvenile court judge. The tort claims against Clark County defendants are subject to a $100,000 statutory cap on damages and the parties negotiated in good faith to settle the claims against the Clark County defendants for 75% of the $100,000 cap. The confidential settlement reached with the Eagle Quest defendants reflects the parties' assessment of the relative liability exposure of the two groups of defendants. The Eagle Quest defendants have settled for substantially more than the Clark County defendants

Having thoroughly reviewed and considered the petition, amended petition, second amended petition, supporting exhibits, declaration of counsel, and arguments presented at both hearings, the court finds that the settlement reached with the Eagle Quest defendants is fair and reasonable and in the best interests of the minor child. Of the total           settlement with the

1 Eagle Quest defendants 90% is allocated to settle the claims of the minor child with 10% allocated
2 to the mother, natural parent, and legal guardian. Total costs of $60,926.27 allocated to
3 prosecuting the case against both the Clark County and Eagle Quest defendants are now allocated
4 using the same ratio as that applied to allocate settlement proceeds between mother and child. That
5 is, 90% or $54,833.64 is allocated to costs associated with prosecuting the action on behalf of the
6 minor child with $6,092.63 or 10% allocated to costs to prosecute the action on behalf of the
7 plaintiff mother. After deducting attorneys' fees and costs          of the combined settlement
8 reached with the Eagle Quest defendants and Clark County defendants will be deposited into a
9 blocked account for the minor child.

On February 10, 2019 counsel for plaintiffs filed proof of the establishment of a blocked
trust account established with Wells Fargo Bank N.A. for the minor child (ECF No 90).

For good cause shown,

**IT IS ORDERED:**

1. Plaintiffs' Second Amended Petition for Minor's Compromise (ECF No. 82) is **GRANTED**.
2. Petitioner's mother and natural parent of said minor, S.H. John Doe, or her agents, shall establish a blocked trust account as provided by NRS 41.200 (5) and 41.200 (8), at Wells Fargo Bank, a Federal Insured Bank in the State of Texas, located at 2601 Lakeview Parkway, Rowlett, Texas 75088.
3. Authorization to establish a blocked trust account for the benefit of the herein named minor is hereby given to Petitioner A.O. Jane Doe as natural parent of said minor, S.H. John Doe and Andre M. Lagomarsino, Esq. or his representative.
4. Funds deposited in the blocked trust account shall not be liquidated or diminished prior to the minor reaching the age of eighteen (18) years without court order upon a showing that the withdrawal is in the best interest of the minor child.
5. A final accounting will be required upon the eighteenth birthday of the child. Funds shall not be released without a court order.

6. Application for an order releasing funds must be made to the court granting this compromise.

7. As the blocked account has already been set up, Plaintiffs' counsel shall have until **March 3, 2019** to file proof that settlement proceeds authorized by this order have been deposited.

8. The Petitioner shall file periodic verified annual reports with this court detailing the activities of the blocked trust account during the previous twelve (12) months, pursuant to NRS 41.200(5).

Dated this 15th day of February 2019.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE